**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Susan Hughes, ) | No. CV-03-2560-PHX-JAT |
| Plaintiff, ) | **ORDER** |
| vs. ) | |
| PAL L.L.C.; Ardys O'Brien; ) Paul Hallowell; Laura Hallowell, ) | |
| Defendants. ) | |

Pending before the Court are: (1) Plaintiff's Motion to Reconsider the Court's July 14, 2005, Order and/or Motion for Rule 60 Relief; (2) Plaintiff's Supplemental Motion to Reconsider the Court's July 14, 2005, Order and/or Motion for Rule 60 Relief; (3) Plaintiff's Expedited Motion to Withdraw Motion for Leave to Amend and First Amended Complaint; and (4) Plaintiff's Expedited Motion to Reinstate Prior Default. Docketing has docketed all of the motions as doc. # 59. The Court now rules on the pending motions.

I.   INTRODUCTION

On June 3, 2005, Defendants Paul and Laura Hallowell filed a Motion to Dismiss. On June 10, 2005, the Plaintiff filed a Motion for Leave to File a First Amended Complaint and lodged her First Amended Complaint. On June 21, 2005, the Plaintiff filed a Motion to Strike the Defendants' Motion to Dismiss.

1  On July 14, 2005, the Court granted the Plaintiff leave to amend, Ordered the Plaintiff to serve the Defendants with her Amended Complaint, vacated PAL L.L.C.'s entry of default, and denied as moot: (1) the Plaintiff's Motion for Default Judgment; (2) the Defendants' Motion to Dismiss; and (3) the Plaintiff's Motion to Strike.

The Plaintiff now asks the Court to: (1) reconsider and vacate its July 14, 2005, Order; (2) reinstate the entry of default against PAL L.L.C.; (3) permit the Plaintiff to withdraw her Motion for Leave to Amend and First Amended Complaint; (4) reinstate the Plaintiff's original Complaint; and (5) reinstate and grant the Plaintiff's Motion for Default Judgment against PAL L.L.C.

## II.  DISCUSSION

The Plaintiff asks for relief from this Court's Order pursuant to Rule 60 of the Federal Rules of Civil Procedure. The Plaintiff contends that the Court erred in applying the law to the facts of this case. Specifically, she argues that: (1) the Court should not have considered Defendant Paul Hallowell's Motion to Dismiss as a responsive pleading to the Plaintiff's Amended Complaint and; (2) the Court should not have held that Paul Hallowell appeared on behalf of PAL L.L.C. because Defendant Paul Hallowell is not an attorney. The Plaintiff argues that, as a matter of law, Paul Hallowell cannot appear on behalf of PAL L.L.C., *Licht v. Am. W. Airlines,* 430 F.3d 1058, 1059 (9th Cir. 1994). The Court agrees.

Corporations and other unincorporated associations must appear in court through an attorney. *D-Beam Ltd. P'ship v. Roller Derby Skates, Inc.,* 366 F.3d 972, 973-74 (9th Cir. 2004). The reason that these entities cannot be represented by a *pro-se* litigant is because a non-attorney's privilege to appear on his own behalf is a privilege that is personal to himself. *Pope Equity Trust v. Stradley,* 818 F.2d 696, 697 (9th Cir. 1987). A *pro-se* litigant has no authority to appear on behalf of, or represent, others. *Id.*

A limited liability corporation is similar in many respects to a partnership. Although the shareholders to a corporation have no ownership interest in the assets of a corporation, partners own the assets of a partnership. *Magneson v. C.I.R.,* 753 F.2d 1490, 1493 (9th Cir. 1985). Reasoning that each partner has a personal interest in partnership assets, the court in

- 2 -

1  *United States v. Reeves,* 413 F.2d 1187, 1188-89 (9th Cir. 1970), held that a non-attorney
2  managing partner could appear on behalf of the partnership because he was in fact pleading
3  his own case. However, after the United States Supreme Court criticized *Reeves* and similar
4  cases as "aberrations," the Ninth Circuit Court of Appeals made it clear that *Reeves* was no
5  longer good law to the extent that it stood for the proposition that non-attorney members of
6  a partnership can represent the partnership as a *pro-se* litigant. *Licht,* 40 F.3d at 1059
7  (holding that *Rowland v. Cal. Mens Colony,* 506 U.S. 194, 202, 113 S.Ct. 716, 721(1993)
8  overrules *United States v. Reeves,* 413 F.2d 1187, 1188-89 (9th Cir. 1970)).

9      Paul Hallowell is a named Defendant in this action. Therefore, he does have the
10 authority to appear and file motions and/or pleadings on his own behalf. However, he **does**
11 **not** have the authority to appear or file motions or pleadings on behalf of PAL L.L.C.,
12 OASIS Plant Rentals, or any other person or corporate entity. Accordingly, it was error for
13 this Court to hold that Paul Hallowell's Motion to Dismiss constituted an appearance on
14 behalf of PAL L.L.C.

15     The Plaintiff's motion was filed within a reasonable amount of time following the
16 entry of this Court's Order. Additionally, the Plaintiff's Motion for Reconsideration sets forth
17 facts and law of a strongly convincing nature that demonstrates why this Court should
18 reverse, in part, its previous ruling. Accordingly, the Court will grant the requested relief
19 pursuant to Fed. R. Civ. P. 60(b). The Court's July 14, 2005, Order is vacated to the extent
20 that it erroneously held that PAL, L.L.C. has appeared in this action by filing a motion to
21 dismiss or insinuates that Paul Hallowell has the authority to represent anyone other than
22 himself in this action. The Court's July 14, 2005, Order is affirmed in all other respects.

23     The Plaintiff has not presented any good reason why her Amended Complaint should
24 be stricken and the original Complaint reinstated. Therefore, the Plaintiff's request to
25 withdraw her Motion to Amend, strike the Amended Complaint, and reinstate the original
26 Complaint is denied.

27     Finally, the Court will deny the Plaintiff's Motion to Reinstate Default. It was an
28 error of this Court to allow Paul Hallowell to appear on behalf of PAL L.L.C. as well as

himself. PAL L.L.C. should now have a reasonable opportunity to correct that defect by obtaining an attorney and filing its own responsive pleading.

Should PAL L.L.C. fail to obtain counsel and timely respond to the Plaintiff's Amended Complaint, the Plaintiff may apply for default and move for default judgment at that time. Accordingly,

**IT IS ORDERED GRANTING IN PART AND DENYING IN PART** the Plaintiff's Motion for Reconsideration and Supplemental Motion for Reconsideration (doc. 59). The Court's July 14, 2005, Order is **VACATED** to the narrow extent that it held that PAL, L.L.C. has appeared in this action or insinuated that Paul Hallowell had the authority to represent or appear on behalf of anyone other than himself and **AFFIRMED** in all other respects.

**IT IS FURTHER ORDERED DENYING** the Plaintiff's Expedited Motion to Withdraw Motion for Leave to Amend and First Amended Complaint (doc. 59).

**IT IS FURTHER ORDERED DENYING** the Plaintiff's Expedited Motion to Reinstate Prior Default (doc. 59).

**IT IS FURTHER ORDERED** Paul Hallowell only has the authority to represent himself in this matter.

**IT IS FURTHER ORDERED** PAL L.L.C. has 30 days from the date that this Order is filed to obtain counsel and file a responsive pleading to Plaintiff's Amended Complaint.

**IT IS FURTHER ORDERED** if PAL L.L.C. fails to file a responsive pleading to Plaintiff's Amended Complaint *through counsel* on or before 30 days after this Order is filed, Plaintiff shall file an application for default and the Clerk of the Court shall enter default against PAL L.L.C.

DATED this 18th day of October, 2005.

James A. Teilborg
United States District Judge